Daniel S. Szalkiewicz, Esq. (DS2323)
DANIEL SZALKIEWICZ & ASSOCIATES, P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiff K.I.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| K.I. <br><br>        Plaintiff, <br><br>   v. <br><br> BHARAT TYAGI a/k/a ROCKY SINGH, <br><br>       Defendant. | **COMPLAINT** <br><br> Case Action No. 1:23-cv-1777 |

Plaintiff K.I. ("Plaintiff" or K.I."), by her attorneys DANIEL SZALKIEWICZ &

ASSOCIATES, P.C., as and for her Complaint hereby alleges, upon information and belief, as

follows:

**PRELIMINARY STATEMENT**

1.      On May 29, 2022, the romantic relationship between Plaintiff and BHARAT

TYAGI a/k/a ROCKY SINGH ("Defendant" or "Tyagi") came to an abrupt end when Tyagi

brutally assaulted Plaintiff in her kitchen, leading to the issuance of a permanent restraining

order and criminal assault charges against him.

2.      When Plaintiff cut off all communications with Tyagi in December of 2022,

Defendant followed through on earlier threats to destroy Plaintiff's license to practice anesthesia

and hurt her family.

3.      On or about February 22, 2023, Defendant uploaded a series of sexually explicit videos and images of Plaintiff onto his public WhatsApp Status.

4.      The following week, Defendant contacted various hospitals, including one of Plaintiff's employers to falsely report that Plaintiff was diverting drugs for personal use.  As a result, Plaintiff was suspended from her position.

5.      Accordingly, Plaintiff brings this action seeking injunctive, declaratory, and monetary relief against Defendant for violations of federal privacy laws, 15 U.S.C. § 6851, [c]ivil action relating to disclosure of intimate images, related New York nonconsensual pornography statutes, intentional infliction of emotional distress, intentional interference with prospective economic advantage, and tortious interference with contract/prospective economic advantage.

## THE PARTIES

6.      Plaintiff K.I. is a resident of the County of Bronx, State of New York.

7.      Plaintiff is a Certified Registered Nurse Anesthetist licensed to practice in New York; she is affiliated with hospitals throughout the state.

8.      Defendant Tyagi is a resident of the County of Baltimore, State of Maryland. Tyagi's last known address is 5232 Torrington Circle Rosedale, MD 21237.

9.      Defendant Tyagi transacted business in the State of New York, contacted multiple hospitals in the State of New York with the intention of interfering with Plaintiff's employment, was aware that his actions would directly affect a New York resident, and is the subject of this court's long arm jurisdiction statute.

## JURISDICTION AND VENUE

10.     This action is brought pursuant to 28 U.S.C. § 1332(a)(1) based upon Diversity of

Citizenship because the amount in controversy exceeds the sum or value of $75,000.00,

exclusive of interest and costs, and it is between a citizen of New York and a citizen or subject of

a different state.

11.     This action is also brought pursuant to 28  U.S.C. § 1331, federal question,

pursuant to 15 U.S.C. § 6851.

12.     Venue in this District is appropriate pursuant to 28 U.S.C. § 1391, as the Southern

District of New York is the Judicial District in which a substantial part of the events forming the

basis of the Complaint occurred, where a substantial part of the evidence involved in the subject

action is situated, and where the majority of the witnesses to the events forming the basis of the

Complaint reside.  Furthermore, Defendant meets the requisite minimum contacts for jurisdiction

in this District.

## FACTUAL ALLEGATIONS

13.     Plaintiff first met Defendant on New Years' Eve of 2021.  Defendant introduced

himself as Rocky Singh, a thirty-year-old owner of two liquor stores and a bar.  Plaintiff was

initially struck by Defendant's respectful nature and kind words.  Defendant kept up this charade

for several months before his true colors began to show.

14.      First, Plaintiff came to realize Defendant's real name was not Rocky Singh, but

Bharat Tyagi.  Soon thereafter she learned that Defendant was not 30 years old, as he had

claimed, but in fact 32 years old.  Eventually Defendant confessed he never owned any businesses.

       15.     Defendant pleaded with Plaintiff to forgive him and, in time, Plaintiff relented.

       16.     By this time, Defendant had already firmly inserted himself into Plaintiff's life. Defendant was all but living at her house and Plaintiff was paying for his living expenses and housing while he pursued what he claimed was his longtime dream of learning to code.

       17.     The parties' relationship continued without issue until May of 2022 when Defendant attacked Plaintiff suddenly and without provocation.  During the attack, Defendant strangled and hit Plaintiff, leaving her with a black eye.

       18.     A restraining order was issued against Defendant within a week whereby Defendant was ordered Defendant to not abuse Plaintiff, to stay away from Plaintiff's employment, to not enter Plaintiff's residence, and to not contact Plaintiff.

       19.     Criminal assault charges were also issued, leading Defendant to threaten to ruin Plaintiff's professional and familial relationships if she cooperated.  Fearing Defendant's reprisals, Plaintiff backed down.

       20.     Defendant continued to contact Plaintiff in violation of the restraining order for several months.  Plaintiff cautiously and begrudgingly replied, fearing that Defendant's retaliation would be worse than engaging in disingenuous cordial conversation.

       21.     But Defendant's advances and the high-stakes conversations that they required began to wear on Plaintiff.  In December of 2022, Plaintiff decided to stop all communication with Defendant.

22.     On or about February 22, 2023, Defendant unleashed his promised threats by posting onto his WhatsApp Status a series of sexually explicit videos and images of Plaintiff captured by Defendant while the two were in a relationship.

23.     The content in the stories ranged from wildly graphic to completely benign and was clearly aimed at Plaintiff, with language superimposed onto one video stating "Don't lie to yourself you know your pussy super wet right now…and the feeling inside you [two butterfly emojis] your heart skipping beat" and another stating "fucking your ass hole like that…"  Yet another stated "your pussy and asshole are throbbing for me…"  One video showed Defendant working out at the gym.  One image showed a sweet moment of the two fully clothed sharing a kiss.  Interspersed throughout was a fully identifiable Plaintiff engaging in sexual acts with her genitals, breasts, and buttocks in clear view.

24.     The following week, Defendant continued his rampage, contacting hospitals throughout New York State to falsely report that Plaintiff, a Certified Registered Nurse Anesthetist, was diverting drugs for personal use.

25.     Defendant's phone calls have caused at least one of Plaintiff's employers to place her on suspension.


**The Intimate Content**

26.     Between February 22, 2023 and February 23, 2023, Defendant uploaded 31 intimate images and  videos onto his public WhatsApp feed.

27.     On February 22, 2023, at approximately 10:22 A.M., Defendant disseminated a video of Plaintiff's uncovered anus while engaged in sexually explicit conduct (Video One).

28.     On February 22, 2023, at approximately 10:22 A.M., Defendant shared a video of Plaintiff's uncovered nipples and genitals while she is engaging in sexually explicit conduct (Video Two).

29.     On February 22, 2023, at approximately 10:30 A.M. Defendant disseminated an image of Plaintiff's buttocks and an identifiable tattoo as she is engaging in sexually explicit conduct (Image One).

30.     On February 22, 2023, at approximately 10:38 A.M. Defendant disseminated a video of Plaintiff's full face, anus, and an identifiable tattoo as she is engaging in sexually explicit conduct (Video Three).

31.     On February 22, 2023, at approximately 10:39 A.M. Defendant disseminated a video of Plaintiff's full face and uncovered nipples as she is engaging in sexually explicit conduct (Video Four).

32.     On February 22, 2023, at approximately 10:41 A.M. Defendant disseminated a video of Plaintiff's uncovered anus while she is engaging in sexually explicit conduct (Video Five).

33.     Immediately after, Defendant shared an image of Plaintiff and Defendant fully dressed, kissing.

34.     On February 22, 2023, at approximately 10:47 A.M. Defendant disseminated a video of Plaintiff's uncovered anus while she is engaging in sexually explicit conduct (Video Six).

35.     The Defendant then posted the a screen stating "now go in the bathroom and cum…have a good day[.]"

36.     On February 22, 2023, at approximately 11:09 A.M. Defendant disseminated a video of Plaintiff's face and uncovered nipples and genitals as she is engaging in sexually explicit conduct (Video Seven).

37.     On February 22, 2023, at approximately 11:11 A.M. Defendant disseminated a video of Plaintiff's uncovered anus as she is engaging in sexually explicit conduct (Video Eight).

38.     On February 22, 2023, at approximately 11:13 A.M. Defendant disseminated a video of Plaintiff's face and uncovered nipples as she is engaging in sexually explicit conduct (Video Nine).

39.     On February 22, 2023, at approximately 11:47 A.M. Defendant disseminated an image of Plaintiff's uncovered anus and genitals (Image Two).

40.     On February 22, 2023, at approximately 11:49 A.M. Defendant disseminated a video of Plaintiff's face as she is engaging in sexually explicit conduct (Video Ten)

41.     On February 22, 2023, at approximately 11:59 A.M. Defendant disseminated a video of part of Plaintiff's face as well as Plaintiff's uncovered anus as she is engaging in sexually explicit conduct (Video Eleven).

42.     The Defendant then uploaded a screen stating "don't lie to yourself you know your pussy super wet right now…".

43.     Defendant continued by uploading screen stating "and the feeling inside you [two butterfly emojis] your heart skipping beat[.]"

44.     On February 22, 2023, at approximately 12:08 P.M. Defendant disseminated a video of Plaintiff's face and exposed nipples looking at her as he masturbates, with the writing "Do this me right now" superimposed over the clip (Video Twelve).

45.     On February 22, 2023, at approximately 12:16 P.M. Defendant disseminated a video of Plaintiff's face, an identifying tattoo, and a partial view of Plaintiff's nipple as she is engaging in sexually explicit conduct (Video Thirteen).

46.     On February 22, 2023, at approximately 12:16 P.M. Defendant disseminated a video of part of Plaintiff's face, an identifying tattoo, and partial view of Plaintiff's nipple as she is engaging in sexually explicit conduct (Video Fourteen).

47.     On February 22, 2023, at approximately 12:16 P.M. Defendant disseminated a video of Plaintiff engaging in oral sex with Defendant (Video Fifteen).

48.     Defendant then shared a video of himself masturbating.

49.     On February 22, 2023, at approximately 12:45 P.M. Defendant disseminated a video of Plaintiff's uncovered genitals and anus as she is engaging in sexually explicit conduct (Video Sixteen).

50.     On February 22, 2023, at approximately 12:49 P.M. Defendant disseminated a video of Plaintiff's identifying tattoo and uncovered genitals and anus as she is engaging in sexually explicit conduct (Video Seventeen).

51.     On February 22, 2023, at approximately 12:52 P.M. Defendant disseminated a video of a clear view of Plaintiff's face and uncovered nipples and genitals as she is engaging in sexually explicit conduct (Video Eighteen).

52.     Defendant then shared a screen stating "your pussy and asshole are throbbing for me…".

53.     Next, Defendant shared a screen stating "I wanna fuck your asshole so fucking hard top of this mountain [emojis] and ass fuck[;]" followed by a picture of his genitals. The next screen stated "I'm so close to cum".

54.     On February 22, 2023, at approximately 1:09 P.M. Defendant disseminated a video of a clear view of Plaintiff's face as she is engaging in sexually explicit conduct with "eat my ass while I'm cumming on your face" superimposed (Video Nineteen).

55.     On February 22, 2023, at approximately 1:20 P.M. Defendant disseminated a video of Plaintiff performing oral sex on him (Video Twenty).

56.     On February 22, 2023, at approximately 1:27 P.M. Defendant disseminated a video of Plaintiff's uncovered anus and genitals and the display of bodily sexual fluids while she is engaging in sexually explicit conduct (Video Twenty One).

57.     On February 22, 2023, at approximately 1:29 P.M. Defendant disseminated a video of Plaintiff's uncovered anus while she is engaging in sexually explicit conduct (Video Twenty-Two).

58.     On February 22, 2023, at approximately 1:34 P.M. Defendant disseminated a video of Plaintiff's uncovered anus and genitals and the display of bodily sexual fluids while she is engaging in sexually explicit conduct (Video Twenty-Three).

59.     On February 22, 2023, at approximately 1:43 P.M. Defendant disseminated a video of Plaintiff's uncovered anus while she is engaging in sexually explicit conduct (Video Twenty-Four).

60.     On February 22, 2023, at approximately 1:44 P.M. Defendant disseminated a video of Plaintiff's uncovered genitals and anus while she is engaging in sexually explicit conduct with "Fucking your ass hole like that…" superimposed (Video Twenty-Five).

61.     On February 22, 2023, at approximately 2:31 P.M. Defendant disseminated a video of Plaintiff's partially visible face along with uncovered nipples while she is engaging in sexually explicit conduct (Video Twenty-Six).

62.     On February 22, 2023, at approximately 2:31 P.M. Defendant disseminated a video of Plaintiff engaging in sexually explicit conduct (Video Twenty-Seven).

63.     The Defendant then uploaded a screen stating "nice talk".

64.     On February 22, 2023, at approximately 2:36 P.M. Defendant disseminated a video of Plaintiff's uncovered anus and genitals as she is engaged in sexually explicit conduct (Video Twenty-Eight).

65.     On February 22, 2023, at approximately 2:51 P.M. Defendant disseminated a video of Plaintiff's naked body as she is engaged in a sexual act (Video Twenty-Nine)

66.     Defendant then shared a picture of Plaintiff's dog with the writing "How's he doing" over it.

67.     The above-described content was posted on the WhatsApp Status for an account which Defendant has previously used to interact and communicate with Plaintiff.  The account is in the name "Bharat Tyagi" and is associated with the phone number (301) 232-2777.

68.     The above-described content was publicly viewable or, at a minimum, viewable to those who have Defendant in their contact list or with whom Defendant had previously communicated using WhatsApp.

69.     While Plaintiff's face is not always fully visible in the content, the context of the videos, along with her identifying tattoos, makes her identity clear throughout.

## FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video One)

70.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

71.     Defendant disclosed Video One via WhatsApp using his cell phone/computer.

72.     Defendant did not obtain Plaintiff's consent to disclose the images and videos.

73.     Defendant knew that Plaintiff did not consent to the disclosure of the content online.

74.     As a result of Defendant's conduct, Plaintiff has been damaged.

75.     Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## SECOND CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Two)

76.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

77.     Defendant disclosed Video Two via WhatsApp using his cell phone/computer.

78.     Defendant did not obtain Plaintiff's consent to disclose the images and videos.

79.     Defendant knew that Plaintiff did not consent to the disclosure of the content online.

80.     As a result of Defendant's conduct, Plaintiff has been damaged.

81.     Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

**THIRD CAUSE OF ACTION**
**(Violation of 15 USC § 6851, Video Three)**

82.     Plaintiff repeats and realleges the allegations stated above as if fully set forth

herein.

83.     Defendant disclosed Video Three via WhatsApp using his cell phone/computer.

84.     Defendant did not obtain Plaintiff's consent to disclose the images and videos.

85.     Defendant knew that Plaintiff did not consent to the disclosure of the content

online.

86.     As a result of Defendant's conduct, Plaintiff has been damaged.

87.     Plaintiff demands judgment for any actual damages which exceed the

jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this

matter, but not less than $150,000.00, together with damages for pain and suffering and punitive

damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from

disseminating the images, and such other relief as the Court deems equitable and just.

**FOURTH CAUSE OF ACTION**
**(Violation of 15 USC § 6851, Video Four)**

88.     Plaintiff repeats and realleges the allegations stated above as if fully set forth

herein.

89.     Defendant disclosed Video Four via WhatsApp using his cell phone/computer.

90.     Defendant did not obtain Plaintiff's consent to disclose the images and videos.

91.     Defendant knew that Plaintiff did not consent to the disclosure of the content

online.

92.     As a result of Defendant's conduct, Plaintiff has been damaged.

93.     Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

**FIFTH CAUSE OF ACTION**
**(Violation of 15 USC § 6851, Video Five)**

94.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

95.     Defendant disclosed Video Five via WhatsApp using his cell phone/computer.

96.     Defendant did not obtain Plaintiff's consent to disclose the images and videos.

97.     Defendant knew that Plaintiff did not consent to the disclosure of the content online.

98.     As a result of Defendant's conduct, Plaintiff has been damaged.

99.     Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

**SIXTH CAUSE OF ACTION**
**(Violation of 15 USC § 6851, Video Six)**

100.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

101.    Defendant disclosed Video Six via WhatsApp using his cell phone/computer.

102.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

103.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

104.    As a result of Defendant's conduct, Plaintiff has been damaged.

105.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## SEVENTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Seven)

106.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

107.    Defendant disclosed Video Seven via WhatsApp using his cell phone/computer.

108.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

109.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

110.    As a result of Defendant's conduct, Plaintiff has been damaged.

111.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive

damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## EIGHTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Eight)

112. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

113. Defendant disclosed Video Eight via WhatsApp using his cell phone/computer.

114. Defendant did not obtain Plaintiff's consent to disclose the images and videos.

115. Defendant knew that Plaintiff did not consent to the disclosure of the content online.

116. As a result of Defendant's conduct, Plaintiff has been damaged.

117. Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## NINTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Nine)

118. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

119. Defendant disclosed Video Nine via WhatsApp using his cell phone/computer.

120. Defendant did not obtain Plaintiff's consent to disclose the images and videos.

121.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

122.    As a result of Defendant's conduct, Plaintiff has been damaged.

123.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## TENTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Ten)

124.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

125.    Defendant disclosed Video Ten via WhatsApp using his cell phone/computer.

126.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

127.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

128.    As a result of Defendant's conduct, Plaintiff has been damaged.

129.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## ELEVENTH CAUSE OF ACTION

**(Violation of 15 USC § 6851, Video Eleven)**

130.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

131.    Defendant disclosed Video Eleven via WhatsApp using his cell phone/computer.

132.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

133.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

134.    As a result of Defendant's conduct, Plaintiff has been damaged.

135.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

**TWELFTH CAUSE OF ACTION**
**(Violation of 15 USC § 6851, Video Twelve)**

136.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

137.    Defendant disclosed Video Twelve via WhatsApp using his cell phone/computer.

138.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

139.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

140.    As a result of Defendant's conduct, Plaintiff has been damaged.

141.     Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

### THIRTEENTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Thirteen)

142.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

143.     Defendant disclosed Video Thirteen via WhatsApp using his cell phone/computer.

144.     Defendant did not obtain Plaintiff's consent to disclose the images and videos.

145.     Defendant knew that Plaintiff did not consent to the disclosure of the content online.

146.     As a result of Defendant's conduct, Plaintiff has been damaged.

147.     Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

### FOURTEENTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Fourteen)

148.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

149.   Defendant disclosed Video Fourteen via WhatsApp using his cell phone/computer.

150.   Defendant did not obtain Plaintiff's consent to disclose the images and videos.

151.   Defendant knew that Plaintiff did not consent to the disclosure of the content online.

152.   As a result of Defendant's conduct, Plaintiff has been damaged.

153.   Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

### FIFTEENTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Fifteen)

154.   Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

155.   Defendant disclosed Video Fifteen via WhatsApp using his cell phone/computer.

156.   Defendant did not obtain Plaintiff's consent to disclose the images and videos.

157.   Defendant knew that Plaintiff did not consent to the disclosure of the content online.

158.   As a result of Defendant's conduct, Plaintiff has been damaged.

159.   Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive

damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## SIXTEENTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Sixteen)

160.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

161.    Defendant disclosed Video Sixteen via WhatsApp using his cell phone/computer.

162.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

163.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

164.    As a result of Defendant's conduct, Plaintiff has been damaged.

165.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## SEVENTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Seventeen)

166.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

167.    Defendant disclosed Video Seventeen via WhatsApp using his cell phone/computer.

168.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

169.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

170.    As a result of Defendant's conduct, Plaintiff has been damaged.

171.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## EIGHTEENTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Eighteen)

172.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

173.    Defendant disclosed Video Eighteen via WhatsApp using his cell phone/computer.

174.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

175.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

176.    As a result of Defendant's conduct, Plaintiff has been damaged.

177.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## NINETEENTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Nineteen)

178.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

179.    Defendant disclosed Video Nineteen via WhatsApp using his cell phone/computer.

180.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

181.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

182.    As a result of Defendant's conduct, Plaintiff has been damaged.

183.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## TWENTIETH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Twenty)

184.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

185.    Defendant disclosed Video Twenty via WhatsApp using his cell phone/computer.

186.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

187.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

188.   As a result of Defendant's conduct, Plaintiff has been damaged.

189.   Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## TWENTY-FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Twenty-One)

190.   Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

191.   Defendant disclosed Video Twenty-One via WhatsApp using his cell phone/computer.

192.   Defendant did not obtain Plaintiff's consent to disclose the images and videos.

193.   Defendant knew that Plaintiff did not consent to the disclosure of the content online.

194.   As a result of Defendant's conduct, Plaintiff has been damaged.

195.   Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## TWENTY SECOND CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Twenty-Two)

23

196.   Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

197.   Defendant disclosed Video Twenty-Two via WhatsApp using his cell phone/computer.

198.   Defendant did not obtain Plaintiff's consent to disclose the images and videos.

199.   Defendant knew that Plaintiff did not consent to the disclosure of the content online.

200.   As a result of Defendant's conduct, Plaintiff has been damaged.

201.   Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## TWENTY-THIRD CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Twenty-Three)

202.   Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

203.   Defendant disclosed Video Twenty-Three via WhatsApp using his cell phone/computer.

204.   Defendant did not obtain Plaintiff's consent to disclose the images and videos.

205.   Defendant knew that Plaintiff did not consent to the disclosure of the content online.

206.   As a result of Defendant's conduct, Plaintiff has been damaged.

207.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## TWENTY-FOURTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Twenty-Four)

208.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

209.    Defendant disclosed Video Twenty-Four via WhatsApp using his cell phone/computer.

210.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

211.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

212.    As a result of Defendant's conduct, Plaintiff has been damaged.

213.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## TWENTY-FIFTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Twenty-Five)

214.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

215.    Defendant disclosed Video Twenty-Five via WhatsApp using his cell phone/computer.

216.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

217.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

218.    As a result of Defendant's conduct, Plaintiff has been damaged.

219.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

### TWENTY-SIXTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Twenty-Sixth)

220.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

221.    Defendant disclosed Video Twenty-Sixth via WhatsApp using his cell phone/computer.

222.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

223.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

224.    As a result of Defendant's conduct, Plaintiff has been damaged.

225.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this

matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## TWENTY-SEVENTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Twenty-Seven)

226.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

227.    Defendant disclosed Video Twenty-Seven via WhatsApp using his cell phone/computer.

228.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

229.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

230.    As a result of Defendant's conduct, Plaintiff has been damaged.

231.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## TWENTY-EIGHTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Twenty-Eight)

232.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

233.    Defendant disclosed Video Twenty-Eight via WhatsApp using his cell phone/computer.

234.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

235.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

236.    As a result of Defendant's conduct, Plaintiff has been damaged.

237.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

### TWENTY-NINTH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Video Twenty-Nine)

238.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

239.    Defendant disclosed Video Twenty-Nine via WhatsApp using his cell phone/computer.

240.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

241.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

242.    As a result of Defendant's conduct, Plaintiff has been damaged.

243.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this

matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRTIETH CAUSE OF ACTION
### (Violation of 15 USC § 6851, Image One)

244.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

245.    Defendant disclosed Video Image One via WhatsApp using his cell phone/computer.

246.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

247.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

248.    As a result of Defendant's conduct, Plaintiff has been damaged.

249.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRTY-FIRST CAUSE OF ACTION
### (Violation of 15 USC § 6851, Image Two)

250.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

251.    Defendant disclosed Image Two via WhatsApp using his cell phone/computer.

252.    Defendant did not obtain Plaintiff's consent to disclose the images and videos.

253.    Defendant knew that Plaintiff did not consent to the disclosure of the content online.

254.    As a result of Defendant's conduct, Plaintiff has been damaged.

255.    Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, but not less than $150,000.00, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRTY-SECOND CAUSE OF ACTION
## (Violation of New York City Administrative Code §10-180)

256.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

257.    Defendant disclosed Plaintiff's intimate content without her permission or consent.

258.    The images depict Plaintiff's exposed genitals and/or anus and Plaintiff engaging in sexual acts.

259.    Defendant had no legitimate purpose for disclosing the images onto the internet for the world to view, and only did so to cause Plaintiff substantial emotional, physical, and economic harm in retaliation for Plaintiff's obtaining of a restraining order against him and decision to cut off communication.

260.    Plaintiff was readily identifiable in the intimate content, much of which clearly shows full or partial views of her face and/or identifying tattoos and contain her voice.

261.    Although a criminal statute, the code provides for civil remedies:

(a) Compensatory and punitive damages;
(b) Injunctive and declaratory relief;
(c) Attorneys' fees and costs; and
(d) Such other relief as a court may deem appropriate.

262.    As a result of Defendant's actions, the Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRTY-THIRD CAUSE OF ACTION
### (Violation of Civil Rights Law §52-b)

263.    Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

264.    Plaintiff had a reasonable expectation that the content, when captured, would remain private.

265.    The content disclosed by Defendant contained the exposed intimate parts of Plaintiff and/or Plaintiff engaging in sexual conduct.

266.    Defendant disseminated and published Plaintiff's intimate content without Plaintiff's permission or consent.

267.    The content was shared for the purpose of harassing, annoying, or alarming Plaintiff and in retaliation for her pursuit of a restraining order against him and decision to cut off communication.

268.     As a result of Defendant's actions, Plaintiff demands judgment for any actual damages which exceed the jurisdictional limits of all lower courts which would have otherwise have jurisdiction of this matter, together with damages for pain and suffering and punitive damages, attorney's fees, costs of this litigation, injunctive relief preventing Defendant from disseminating the images, and such other relief as the Court deems equitable and just.

## THIRTY-FOURTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)

269.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

270.     Defendant has engaged in the intentional, extreme, and outrageous conduct of possessing and disseminating Plaintiff's nude photographs and videos.

271.     Defendant also contacted Plaintiff's employers and potential employers to falsely report that Plaintiff was diverting drugs at work for her own personal use.

272.     Defendant did all of this knowing that his decision to do so would have irreversible, lifelong consequences for Plaintiff and her mental well-being.

273.     Defendant's conduct was so extreme in degree and so outrageous in character that it goes beyond all possible bounds of decency.

274.     Defendant's sole purpose in sharing the images was to harass and/or embarrass Plaintiff and cause her harm.

275.     Defendant intended to cause severe emotional distress or recklessly disregarded the likelihood that such conduct would tend to cause severe emotional distress.  Such outrageous behavior is beyond the limits of decency and is intolerable in a civilized society.

276.     As a direct and proximate result of Defendant's conduct, Plaintiff suffered severe emotional distress.

277.     Defendant acted with the intent to cause severe emotional distress, or alternatively, disregarded the substantial probability that his actions would cause severe emotional distress.

278.     Here, the acts of Defendant were so egregious and were done so clearly with malice and/or reckless indifference in the face of a perceived risk that his actions would harm Plaintiff's reputation and mental well-being, that, in addition to all the damages inflicted upon Plaintiff and in addition to all the measure of relief to which Plaintiff may properly be entitled herein, Defendant should also be required to pay punitive damages to punish him for his reckless conduct in the further amount greater than the jurisdictional limit of all lower courts to be determined by the trier of fact, in order to deter him and others similarly situated from engaging in such conduct in the future.

279.     Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

### THIRTY-FIFTH CAUSE OF ACTION
### <ins>(Intentional Interference with Prospective Business Relations)</ins>

280.     Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

281. Plaintiff is a Certified Registered Nurse Anesthetist affiliated with multiple hospitals throughout New York.

282. In her position, Plaintiff is entrusted with the administering of anesthesia and has access to different types of drugs.

283. Defendant knew that falsely reporting that Plaintiff was diverting drugs for personal use would adversely impact her ability to retain and find new work and engaged in such conduct for that purpose.

284. As a result of Defendant's actions, Plaintiff has been damaged.

285. Plaintiff demands judgment against Defendant in an amount to be determined upon the trial of this action; said amount being sufficient to compensate Plaintiff for her severe injuries as well as an amount sufficient to punish Defendant for his willful, wanton, reckless, and unlawful conduct constituting a complete and reckless disregard for Plaintiff, together with interest, attorneys' fees, costs, and disbursements in this action; and said amount exceeding the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

## THIRTY-SIXTH CAUSE OF ACTION
### (Tortious Interference with Contract/Prospective Economic Advantage)

286. Plaintiff repeats and realleges the allegations stated above as if fully set forth herein.

287. In placing false calls to hospitals throughout the state, Defendant interfered with Plaintiff's affiliations and prospective affiliations with those hospitals.

288. In interfering with her affiliations and prospective affiliations, Defendant acted with the sole purpose of harming Plaintiff or used improper or illegal means that amounted to a crime or independent tort.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendant, containing the following relief:

A.      An award of damages against Defendant in an amount to be determined at trial, but not less than $150,000.00 per intimate image and video shared, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

B.      An injunction and order permanently restraining Defendant from disseminating Plaintiff's intimate images and videos without her permission or consent;

C.      An award of punitive damages, and any applicable penalties and/or liquidated damages in an amount to be determined at trial;

D.      Prejudgment interest on all amounts due;

E.      An award of costs that Plaintiffs have incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiffs' reasonable attorneys' fees and costs to the fullest extent permitted by law; and

F.      Such other and further relief as the Court may deem just and proper.

Dated: New York, New York
         March 1, 2023

Respectfully submitted,

**Daniel Szalkiewicz & Associates, P.C.**

 _/s/ Daniel Szalkiewicz_____
By:     Daniel S. Szalkiewicz, Esq.
         Cali P. Madia, Esq.
23 West 73rd Street, Suite 102
New York, NY 10023
Telephone: (212) 706-1007
Facsimile: (646) 849-0033
daniel@lawdss.com

*Attorneys for Plaintiff*