```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
  K.I.,                                                      :
                                      Plaintiff,             :
                                                             :      23 Civ. 1777 (LGS)
                     -against-                               :
                                                             :             ORDER
  BHARAT TYAGI,                                              :
                                      Defendant.             :
-------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

  Plaintiff K.I., who resides in New York, brings this action against Defendant Bharat Tyagi, who resides in Maryland.  Plaintiff alleges that Defendant, without the consent of Plaintiff, disclosed intimate images and videos of Plaintiff and contacted various New York hospitals to report falsely that Plaintiff was diverting drugs for personal use.  Defendant did not appear.  On June 16, 2023, Plaintiff moved for default judgment.  On July 26, 2023, the Court directed Plaintiff to file a letter providing the basis for personal jurisdiction over Defendant.  For the following reasons, the Court transfers this action to the United States District Court for the District of Maryland.

## DISCUSSION

  Under the general venue provision, a federal civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

  Plaintiff alleges that Defendant uploaded intimate images and videos of Plaintiff onto his public WhatsApp Status using his cell phone or computer.  Plaintiff also alleges that Defendant

contacted various hospitals throughout New York.  It is unclear where the events giving rise to Plaintiff's nonconsensual disclosure or false reporting claims occurred.  In other words, it is unclear where Defendant was located when he uploaded this content and contacted the hospitals.  However, as Defendant resides in Maryland, it is clear that the United States District Court for the District of Maryland is a proper venue for this action under § 1391(b)(1).

The Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice."  28 U.S.C. § 1404(a).  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *accord Crumble v. United States*, No. 23 Civ. 4427, 2023 WL 5102907, at *4 (S.D.N.Y. Aug. 7, 2023).  Courts may transfer cases on their own initiative.  *See June v. Lansden*, No. 23 Civ. 1076, 2023 WL 2435594, at *2 (S.D.N.Y. Feb. 13, 2023) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them.  The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 3 Civ. 2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003)); *see also Lead Indus. Ass'n Inc. v. OSHA*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (noting that the "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer [s]ua sponte").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency and (10) the interest of justice, based on the totality of the circumstances. *June*, 2023 WL 2435594, at *2; *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under § 1404(a), transfer is appropriate in this case. It is likely that the alleged underlying events occurred in the District of Maryland, where Defendant resides. Most of the causes of action are brought under a federal statute, 15 U.S.C. § 6851, with which the District of Maryland is equally familiar. It is unclear that this Court possesses personal jurisdiction over Defendant under New York's long-arm statute. "The Court is authorized to transfer a case to a district where venue is proper, notwithstanding its lack of personal jurisdiction over the defendant." *Unlimited Care, Inc. v. Visiting Nurse Ass'n of E. Massachusetts, Inc.*, 42 F. Supp. 2d 327, 333 (S.D.N.Y. 1999); *accord Schlechtweg v. Celularity*, Inc., No. 21 Civ. 785, 2022 WL 541507, at *10 (D. Conn. Feb. 23, 2022). Based on the totality of the circumstances, it is in the interest of justice to transfer this action to the United States District Court for the District of Maryland. *See* 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of Maryland and to close the case in this District.

Dated: August 23, 2023
      New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE