## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| **K.I.,** | |
| *Plaintiff,* | |
| **v.** | **Civil No. 1:23-cv-02383-JRR** |
| **BHARAT TYAGI a/k/a ROCKY SINGH,** | |
| *Defendant.* | |

## <u>MEMORANDUM OPINION</u>

Pending before the court is Plaintiff's unopposed Motion For Leave to Appear Anonymously. (ECF No. 2; the "Motion.")   The court has reviewed all papers.  No hearing is necessary.  Local Rule 105.6 (D. Md. 2023).  For the reasons that follow, by accompanying order, the Motion will be granted.

On March 1, 2023, Plaintiff filed the Complaint.  (ECF No. 1.)  Plaintiff alleges that, among other things, Defendant posted a series of sexually explicit videos and images of her while the two were in a relationship.  *Id.* ¶¶ 22, 26-69.  Plaintiff seeks an order allowing her to proceed in this action under the pseudonym "K.I."  (ECF No. 2.)

Under Federal Rule of Civil Procedure 10(a), a complaint must include a title naming all of the parties.  FED. R. CIV. P. 10(a).  In exceptional circumstances, however, the court may allow a party to proceed pseudonymously.  *Doe v. Pub. Citizen*, 749 F.3d 246, 273-74 (4th Cir. 2014).  Before granting a request to proceed pseudonymously, the "district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness and any prejudice that

anonymity would pose to the opposing party." *Id.* at 274.  The United States Court of Appeals for the Fourth Circuit provides five non-exclusive factors to determine whether to grant a request to proceed pseudonymously:

> [W]hether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).[1]  "Not all of these factors may be relevant to a given case, and there may be others that are."  *Doe v. Alger*, 317 F.R.D. 37, 39 (W.D. Va. 2016).  The court must "carefully review all the circumstances of [the] case and then decide whether the

---

[1] The court notes that Plaintiff cites to the factors laid out by the Second Circuit:

> (1) whether the litigation involves matters that are highly sensitive and [of a] personal nature, (2) whether identification poses a risk of retaliatory physical or mental harm to the . . . party [seeking to proceed anonymously] or even more critically, to innocent non-parties, (3) whether identification presents other harms and the likely severity of those harms, including whether "the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity, (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age, (5) whether the suit is challenging the actions of the government or that of private parties, (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court, (7) whether the plaintiff's identity has thus far been kept confidential, (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity, (9) whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities, and (10) whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 190 (2d Cir. 2008) (internal citations and quotation marks omitted). On August 30, 2023, the case was transferred from the United States District Court for the Southern District of New York to the District of Maryland pursuant to 28 U.S.C. § 1404(a).  (ECF No. 23.)  The court has determined that granting the Motion is the appropriate disposition regardless of whether it applies the law of the Fourth Circuit or Second Circuit.

customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992).

With respect to the first factor, Plaintiff's request for a pseudonym must be for the purpose of preserving "privacy in a matter of sensitive and highly personal nature" and not "merely to avoid the annoyance and criticism that may attend any litigation." *James*, 6 F.3d at 238.   Courts have found that allegations involving abusive relationships and sexual misconduct satisfy this factor.   *See Doe v. Virginia Polytechnic Inst. & State Univ.*, No. 7:19-CV-00249, 2020 WL 1287960, at *3 (W.D. Va. Mar. 18, 2020) (noting that the first factor weighs in favor of anonymity where the case "relate[s] to alleged misconduct on the part of both parties in a prior dating relationship"); *id.* (explaining that "[l]ike sexual misconduct, allegations of domestic violence or abusive dating relationships involve sensitive and highly personal facts that can invite harassment and ridicule"); *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 405-406 (S.D.N.Y. 2019) (noting that allegations involving sexual assault, sexual harassment and related ridicule "are highly sensitive and of extremely personal nature to the Plaintiff"); *Alger*, 317 F.R.D. at 40 (finding that the first factor weights in favor of anonymity where the plaintiff made allegations involving sexual misconduct).

In the instant case, Plaintiff's allegations pertain to multiple videos and images of Plaintiff engaging in sexually explicit conduct.   In addition, Plaintiff's alleged history with Defendant includes prior abuse, threats, and harassment.   Specifically, Plaintiff alleges that Defendant attacked her resulting in issuance of a restraining order.   (ECF No. 1 ¶¶ 17-18.)   Plaintiff further alleges that after criminal charges were brought against Defendant, Defendant threatened to hurt her family and ruin her professional and familial relationships if she cooperated.   *Id.* ¶¶ 2, 19.   Plaintiff alleges that, in fear of Defendant's reprisals, she backed down and continued to

contact Defendant in violation of the restraining order. *Id.* ¶ 20. In December 2022, Plaintiff cut off communication with Defendant. *Id.* ¶ 21. In February 2023, Defendant posted a series of sexually explicit videos and images of Plaintiff. *Id.* ¶ 22. Accordingly, based on Plaintiff's allegations, the first factor weighs in favor of allowing Plaintiff to proceed under a pseudonym.

The second factor considers whether denying the Motion "poses a risk of retaliatory physical or mental harm" to Plaintiff. *James*, 6 F.3d at 238. Plaintiff argues that publicly linking her name to Defendant's bad acts will subject her to avoidable and significant mental harm and revictimization. (ECF No. 2-1 at 4.) While the fact "[t]hat the plaintiff may suffer some embarrassment or economic harm is not enough" to warrant anonymity, *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981), "[t]he experience of sexual abuse can be deeply psychologically traumatic, and public knowledge of such abuse can trigger new trauma even years after the fact." *John Doe 140 v. Archdiocese of Portland in Oregon*, 249 F.R.D. 358, 361 (D. Or. 2008). The court is persuaded that were the court to deny the Motion, Plaintiff "would face a very real risk of harassment, ridicule, and personal embarrassment." *John Doe 140*, 249 F.R.D. at 361; *see Alger*, 317 F.R.D. at 40 (allowing the plaintiff to use a pseudonym in a case involving sexual assault allegations because the use of real identities "would likely increase their risk of retaliatory physical or mental harm"). Accordingly, the second *James* factor weighs in favor of permitting Plaintiff to proceed under a pseudonym.

The third factor considers "the ages of the persons whose privacy interests are sought to be protected." *James*, 6 F.3d at 238. Neither party is a minor. (ECF Nos. 2-1 at 4 and 1 ¶ 14.) Accordingly, the third factor weighs against permitting Plaintiff to proceed under a pseudonym. *See Doe v. Pittsylvania Cnty., Va.*, 844 F. Supp. 2d 724, 731 (W.D.Va. 2012) (finding that the third favor weighs against anonymity where the plaintiff is not a minor).

The fourth *James* factor considers whether Plaintiff's action is against a governmental entity or private party whose reputation may be harmed unfairly if Plaintiff is permitted to proceed anonymously.  "[C]ourts in general are less likely to grant a plaintiff permission to proceed anonymously when the plaintiff sues a private individual than when the action is against a governmental entity seeking to have a law or regulation declared invalid."  *Doe v. Merten*, 219 F.R.D. 387, 394 (E.D. Va. 2004).  "Actions against the government do no harm to its reputation, whereas suits filed against private parties may damage their good names and result in economic harm."  *Doe v. Pittsylvania Cty.*, 844 F. Supp. 2d  724, 730 (W.D. Va. 2012).  Because this action is challenging private actions, the fourth factor weighs against granting Plaintiff's Motion.

With respect to the fifth *James* factor, the court examines whether there is a "risk of unfairness to the opposing party from allowing an action against it to proceed anonymously." *James*, 6 F.3d at 238.  Defendant has filed no response to the Motion; therefore, he does not contend he will suffer unfairness or prejudice should Plaintiff proceed anonymously.  Further, Defendant knows Plaintiff's true identity.  Therefore, the fifth factor weighs in favor of granting the Motion. *See Alger*, 317 F.R.D. at 41 (finding that the fifth factor weighs in favor of anonymity where the defendants are fully aware of the plaintiff's identity and fail to articulate how they would be prejudiced in their defense).  Upon consideration of the *James* factors and the circumstances of the instant case, the court concludes that allowing Plaintiff to proceed in this action under the pseudonym "K.I." is warranted.

For the reasons set forth herein, by separate order, Plaintiff's Motion for Leave to Appear Anonymously (ECF No. 2) will be granted.

January 30, 2024                                                /S/

                                                      _____
                                                      Julie R. Rubin
                                                      United States District Judge